A

## SCHEDULE A

## DEFINITIONS

1. "Any" means "each and every" as well as "any one."

2. "Circumstances" means the factual conditions, details, parts and attributes, with respect to the time and place of a particular communication or event that accompanies and explains the communication or event, the nature of the communication or event and the substance of the communication or event.

3. "Communication" means all written or oral communications, including but not limited to communications by telephone, in-person meetings, communications by electronic mail, spoken or written statements in any form, memoranda, notations, letters, notices, or any documents reflecting any form of communication, whether or not you were a participant or had personal knowledge thereof.

4. "Court" refers to the United States District Court for the District of Delaware.

5. "Order" refers to the Stipulated Order endorsed by the Court on February 23, 2000.

6. "Plaintiff" means plaintiff in this lawsuit, namely, Natural Resources Defense Council and all their parents, subsidiaries, divisions, affiliates and affiliated partnerships, present and former partners, officers, directors, agents, shareholders, counsel, contractors and subcontractors, including but not limited to experts or other individuals retained by NRDC for purposes of this litigation, and all other persons acting or purporting to act on NRDC's behalf.

7. "Study" means the study entitled "A Baseline Study for Assessing the Potential Aquatic Ecological Effects from Motiva Enterprises LLC Delaware City Refinery

Effluent Using the Sediment Triad Approach," December 2003, by Lenwood W. Hall, Jr., and Dennis T. Burton, as well as all data collected, analyses conducted and conclusions drawn from it, all drafts of all or any portion of the study, and all documents prepared in furtherance of or related to the study, including but not limited to the scopes of work, reviews of scopes of work, and correspondence relating to the implementation of the scopes of work or study.

The deponent should be prepared to provide testimony on the following issues:

## DESIGNATED ISSUES

1. All communications between Dr. Jay Means and Plaintiff on or after the date of the Order, including but not limited to communications related to the Study or performance of the Study, and communications related to or referencing Texaco or Motiva Enterprises LLC in any way. The deponent shall identify and provide all information regarding the communication, including but not limited to who was involved in the communication(s), the date and time of the communication(s), the form of the communication(s), the location of the communicants at the time of the communication(s), and the substance of the communication(s).

2. The circumstances surrounding any specific communications, and the reasons for such communications, between Dr. Jay Means and Plaintiff occurring on or after the date of the Order, including but not limited to communications occurring in or about March of 2005, December of 2005 and February of 2006.

3. All communications between Dr. Jay Means and Plaintiff regarding any specific aspects of the Study, including but not limited to: a) long core sampling;

b) statistical analysis; c) PAH chemistry and fingerprinting analysis of chemical constituents; d) bivalve bioavailability studies; e) benthic community assessments; f) sediment trap studies; and g) fate and transport studies. If so, who was involved in the communication(s), when the communication(s) occurred, the circumstances surrounding the communication(s) and the substance of such communication(s).

4.  Any communications or other statements issued or made available to any person or entity, other than you, referring or relating to the Order, the Study or this litigation, including but not limited to press statements or releases, and fundraising or other solicitations.

971852