Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is between Motiva Enterprises, LLC, a Delaware corporation, having a mailing address of 700 Milam Street, Houston, Texas, its successors and assigns ("Motiva" or "Defendant"), on the one side, and the Natural Resources Defense Council, having a mailing address of 40 West 20th Street, New York, New York, and the Delaware Audubon Society, having a mailing address of P.O. Box 1713, Wilmington, Delaware, (together "Plaintiffs"), on the other side.

Background

In 1988, Plaintiffs filed a Clean Water Act citizen suit against Texaco Refining and Marketing, Inc. (a predecessor in interest to Motiva), the caption and docket number of which are *Natural Resources Defense Council, Inc. et al. v. Texaco Refining and Marketing, Inc.*, 88-263-SLR (the "Litigation").

In July 2005, Plaintiffs filed a motion to enforce the terms of the Court's Opinion and Order of September 1, 1998 (*Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg, Inc.*, 20 F. Supp. 2d 700 (D. Del. 1998)) and Stipulated Order of February 23, 2000 ("Motion to Enforce"). The 1998 and 2000 Orders enjoined Defendant to carry out certain environmental studies in the Delaware River.

Later in 2005, Defendant filed a motion, pursuant to Federal Rule of Civil Procedure 60(b)(5), for relief from the Court's injunction.

Motiva denies the allegations set forth in Plaintiffs' Motion to Enforce and associated filings. Plaintiffs maintain that the allegations set forth in their Motion to Enforce and associated filings are accurate and true.

Plaintiffs and Motiva wish to resolve the Litigation by settling all claims alleged by Plaintiffs in the Motion to Enforce, as well as all other actual, potential, or incidental claims related to the Litigation, and therefore enter into this Agreement on the terms set forth below.

Terms of Agreement and Release

1. Environmental Projects. Defendant will fund environmental benefit projects in Delaware in the amount of $2,250,000, as follows:

a. $1,075,000 to the Delaware Community Foundation, which will establish a segregated account to disburse the funds for identified projects benefiting the Pea Patch Island Heronry. The specific projects, along with an estimated cost per project, are set forth in Exhibit A to this Agreement. Any interest accruing in the segregated account, or any unused funds from a specific project identified in Exhibit A, will be used to support and enhance the Pea Patch Island Heronry. Funds will be drawn down from the account by responsible officials of the Delaware Department of Natural Resources and Environmental Control, Division of State Parks.

b. $675,000 to Main Street Delaware City Inc., which will establish a segregated account to disburse the funds for the ongoing Delaware City Eco-Tourism Project. The specific projects for which the funds will be used, along with an estimated cost per project, are set forth in Exhibit A to this Agreement.

Any interest accruing in the segregated account, or any unused funds from a specific project identified in Exhibit A, will be used to support and enhance the Delaware City Eco-Tourism Project, at the discretion of the directors of Main Street Delaware City Inc.

    c. $100,000 to Tri-State Bird Rescue & Research, Inc. ("Tri-State"), which will establish a segregated account to disburse these funds. The specific project for which these funds will be used is set forth in Exhibit A to this Agreement. Any interest accruing in the segregated account, or any unused funds from the specific project identified in Exhibit A, will be used to support bird rescue and research activities, at the discretion of Tri-State.

    d. $350,000 to the City of Delaware City, which will establish a segregated account to disburse funds for the Delaware City Branch Canal Connector Project. The project is described in Exhibit A to this Agreement. Any interest accruing in the segregated account, or any unused funds from a particular part of the identified project, will be used to support the overall objectives of the Connector Project, at the discretion of responsible officials of the City of Delaware City.

    e. $25,000 to the Delaware Native Plant Society, which will establish a segregated account to disburse funds for greenhouse repair and related activities, as described in Exhibit A to this Agreement. Any interest accruing in the segregated account, or any unused funds from the activities described in Exhibit A, will be used, at the discretion of the Delaware Native Plant Society, to further similar or related environmental projects.

f. $25,000 to the Delmarva Ornithological Society, which will establish a segregated account to disburse funds to support its Ashland Hawk Watch Program and Osprey Nest Platform Project. These activities are described in greater detail in Exhibit A to this Agreement. Any interest accruing in the segregated account, or unused funds from the activities described in Exhibit A, will be used, at the discretion of the Delmarva Ornithological Society, to further similar or related environmental projects.

2. <u>Timing of Payment</u>. Defendant will make all payments prescribed in paragraph 1 above, in full, within 30 days of the date of this Agreement.

3. <u>Dismissal of Motions</u>. Within 10 days of payment by Motiva of all amounts set forth in paragraph 1 above, Plaintiffs and Defendant will file a Stipulated Order dismissing with prejudice the parties' pending motions and, but for Plaintiffs' motion to recover their attorneys' fees and costs, terminating the litigation. A copy of the Stipulated Order the parties will file is appended hereto as Exhibit B.

4. <u>Release of Claims</u>. In consideration for Defendant's funding of the projects set forth in paragraph 1 above, Plaintiffs, on behalf of themselves and their successors and assigns, hereby agree to release and forever discharge Defendant and each of its predecessors, successors, assigns, parent corporations, subsidiaries, affiliates and partners, and all employees, officers, directors, agents, and representatives of Defendant, and each of their

predecessors, successors, assigns, parent corporations, subsidiaries, affiliates and partners, for and from any and all claims, causes of action, liabilities, losses, damages or costs that have accrued, matured or been incurred at any time prior to the date of this Agreement, whether known or unknown, and whether or not asserted, that relate in any way to the matters claimed in the Litigation, with the exception of Plaintiffs' claims for attorney's fees and costs incurred after February 23, 2000. Plaintiffs acknowledge that the consideration recited in this Agreement constitutes full and complete settlement and satisfaction of all claims against Motiva in any way related to the matters claimed in the Litigation, with the exception of Plaintiffs' claims for attorneys' fees and costs.

5. <u>Plaintiffs' Attorneys' Fees and Costs</u>. Plaintiffs will file a motion to recover their attorneys' fees and costs since entry of the Stipulated Order on February 23, 2000. Defendant will not contest Plaintiffs' entitlement to an award of fees and costs, though it preserves all rights to challenge the amount of fees and costs Plaintiffs may seek to recover, including the scope of the work for which Plaintiffs seek to recover fees. Plaintiffs expressly reserve the right to advance any argument in law or fact in support of their application for attorneys' fees and costs. Defendant expressly reserves the right to advance any argument in law or fact in opposition to Plaintiffs' application for fees and costs, except as limited by the language earlier in this paragraph. Plaintiffs will file their motion for attorney's fees and costs not later than October 5, 2007, or within 21 days after the Court approves and enters the Stipulated Order referred to in paragraph 3 above,

whichever date is later. The Stipulated Order will expressly provide that the Court retains jurisdiction to adjudicate Plaintiffs' motion for attorneys' fees and costs.

6. <u>Definitions and Additional Terms</u>.

    a. "Plaintiffs" shall mean Natural Resources Defense Council and Delaware Audubon Society, and each of their predecessors, successors, assigns, parent corporations, subsidiaries, affiliates and partners, and all current and former employees, officers, directors, agents, and representatives.

    b. "Defendant" shall mean Motiva Enterprises, LLC, Texaco Refining and Marketing, Inc., Star Enterprise, and each of their predecessors, successors, assigns, parent corporations, subsidiaries, affiliates and partners, and all current and former employees, officers, directors, agents, and representatives of Motiva Enterprises, LLC, Texaco Refining and Marketing, Inc., and Star Enterprise.

    c. "Litigation" shall mean *Natural Resources Defense Council, Inc. and Delaware Audubon Society v. Texaco Refining and Marketing, Inc.*, No. 88-263, and all decisions, complaints, pleadings, motions or other filings related to it.

    d. Plaintiffs represent and affirm that they have authority to enter into this Agreement, that they are doing so voluntarily, and that they have been provided with sufficient information to make an informed decision to enter into it.

    e. Defendant represents and affirms that it has the authority to enter into this Agreement on behalf of itself and its successors and assigns, and that the

obligations that Motiva assumes under this Agreement will be binding on its successors and assigns, if any.

    f. This Agreement and the Exhibits hereto may not be modified, except in a writing signed by Plaintiffs and Defendant.

    g. If any provision of this Agreement is found to be invalid by any court, the remaining provisions of the Agreement shall still be valid and enforceable to the fullest extent permissible by law, except if the invalid provision was a material and essential term of the Agreement, in which case the party who was to receive the benefit of such term may void the Agreement.

    h. A waiver of any term or condition of this Agreement shall not be deemed a waiver of any other term or condition hereof.

    i. This Agreement contains the entire agreement between the parties; there have been no promises or agreements between any parties that are not contained within this Agreement. The terms of this Agreement are contractual and not a mere recital.

    j. This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with, the laws of the State of Delaware and without the aid of any canon, custom, or rule of law requiring construction against the party who drafted the Agreement.

    k. This Agreement may be signed in counterparts, and each counterpart shall be deemed an original.

Dated: September 30, 2007

MOTIVA ENTERPRISES, LLC

BY /s/ William B. Welte
Name: WILLIAM B. WELTE
Title: President & CEO


NATURAL RESOURCES DEFENSES COUNCIL

BY /s/ Mitchell S. Bernard
Name: MITCHELL S. BERNARD
Title: Litigation Director


DELAWARE AUDUBON SOCIETY

BY /s/ Nicholas A. DiPasquale
Name: NICHOLAS A. DiPASQUALE
Title: CONSERVATION CHAIR

8

## Exhibit A

## Specific Environmental Benefit Projects to be Funded by Defendant

| | |
|---|---:|
| **Pea Patch Island Heronry Project** | **$1,075,000** |
|     a. Reforestation Planting | $600,000 |
|     b. Invasive Species Control | $360,000 |
|     c. Remote Camera/Video Display | $100,000 |
|     d. Heronry Monitoring Data Analysis | $15,000 |
| | |
| **Delaware City Eco-Tourism Project** | **$675,000** |
|     a. Dragon Run Park | |
|         i. Wetland Restoration | $150,000 |
|         ii. Reforestation Planting | $45,000 |
|         iii. Invasive Species Control | $90,000 |
|     b. Delaware City Lands – Branch Canal | |
|         i. Reforestation Planting | $15,000 |
|         ii. Invasive Species Control | $108,000 |
|     c. Grassdale Center – Scrub/Meadow Mgt | |
|         i. Invasive Species Control | $72,000 |
|         ii. Meadow Management | $60,000 |
|         iii. Scrub-Shrub Management | $18,000 |
|     d. Program Management – 2 years | |
|         i. Staff/Admin/Operating Funds | $90,000 |
|     e. Signage/Interpretation | $27,000 |
| | |
| **Tri-State Bird Rescue & Research**[1] | **$100,000** |

---

[1] Funds will help finance an oil spill response and training facility, in which injured, orphaned, and oiled native wild birds will be rehabilitated and then returned to their natural environment.

| | |
|---|---:|
| **Delaware City Branch Canal Connector Project**[2] | $350,000 |
| **Delaware Native Plant Society**[3] | $25,000 |
| **Delmarva Ornithological Society**<br>    a. Ashland Hawk Watch[4]<br>    b. Osprey Nest Platform[5] | $25,000 |
| **TOTAL** | **$2,250,000** |

---

[2] The project will restore the berm on the west side of the Branch Canal from Rt. 9 to the retaining dike for the USACE spoil disposal site at the main C&D Canal, approximately 2000 LF. This berm was the location of the tow path of the original C&D Canal. The berm will incorporate a tide structure to regulate water levels in the currently degraded wetland area (approx. 10 acres) west of the canal. Once isolated, the wetland area will be enhanced by improving the hydrology of the wetland area, removing the phragmites, and restoring native plants. Side benefits of this work will be to create a foraging area for wildfowl from the Pea Patch Heronry, reduce fire hazards to adjacent residences, and improve drainage. A greenway multi-purpose path will be constructed on top of the berm, which will connect the Delaware City Canal Promenade with the planned C&D Canal Recreation Area pathway. This section is the key "missing link" in connecting Delaware City with Chesapeake City. The proposed project will also provide hydrologic protection and limited public interpretive access to the African-Union Cemetery, which is located adjacent to the Branch Canal. The cemetery is the final resting place for a number of African-American residents of Polktown, including several Civil War veterans. It is an important community cultural and historic resource.

[3] Funds will be used to repair an existing greenhouse located at the Delaware National Estuarine Research Reserve, located on the St. Jones River in Dover. Funds will also be used to purchase plants, tools, and equipment for greenhouse operation and tree planting programs.

[4] The Ashland Hawk Watch is a new research and educational project established at the Delaware Nature Society's Ashland Nature Center in Hockessin, Delaware. The Hawk Watch will monitor raptors (hawks, falcons, eagles) as they migrate southward in the fall. The site is a destination for the public, particularly school children. The goal of the project is to educate the public on the conservation of raptors that use the Delaware Valley as a migratory pathway. Funding will be used to provide educational materials (books, binoculars, pamphlets) for the public, a stipend for the full-time Hawk Watch counter, and support for outreach programs to educate the public about raptors.

[5] Funds will be used to cover the costs of materials and labor for platform construction.

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., and DELAWARE AUDUBON SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>TEXACO REFINING AND MARKETING, INC.,<br><br>Defendant. | Civil Action No.<br>88-263-SLR |

STIPULATED ORDER

In 2005, Plaintiffs Natural Resources Defense Council, Inc. and Delaware Audubon Society ("Plaintiffs") filed a motion (D.I. 300) against Defendant Texaco Refining and Marketing, Inc. ("Defendant") to enforce the terms of this Court's Opinion and Order of September 1, 1998 (*Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg, Inc.*, 20 F. Supp. 2d 700 (D. Del. 1998)) and Stipulated Order of February 23, 2000 (D.I. 296). The 1998 and 2000 Orders enjoined Defendant to carry out certain environmental studies in the Delaware River. Later in 2005, Defendant filed a motion, pursuant to Federal Rule of Civil Procedure 60(b)(5), for relief from this Court's injunction (D.I. 308).

After hearing oral argument on the motions on March 1, 2006, the Court issued an order on August 31, 2006 (D.I. 328), scheduling an evidentiary hearing to "examine whether defendant's data is reliable and whether it demonstrates

11

compliance with the Stipulated Order...." The Court denied the parties' motions without prejudice to renew. D.I. 328, ¶ 3.

The parties have settled the disputes that were the subject of their respective motions, and, with the exception of Plaintiffs' attorneys' fees and costs, have now resolved all issues remaining in the case.

Plaintiffs and Defendant now stipulate as follows:

1. <u>Plaintiffs' Attorneys' Fees and Costs</u>. Plaintiffs will file a motion to recover their attorneys' fees and costs since entry of the Stipulated Order on February 23, 2000. Defendant will not contest Plaintiffs' entitlement to an award of such fees and costs, though it preserves all rights to challenge the amount of fees and costs Plaintiffs may seek to recover, including the scope of the work for which Plaintiffs seek to recover fees. Plaintiffs reserve the right to advance any argument in law or fact in support of their application for attorneys' fees and costs. Defendant expressly reserves the right to advance any argument in law or fact in opposition to Plaintiffs' application for fees and costs, except as limited by the language earlier in this paragraph. Plaintiffs will file their motion for attorney's fees and costs not later than October 5, 2007, or within 21 days after the Court approves and enters this Stipulated Order, whichever date is later.

2. <u>Continuing Jurisdiction</u>. The Court retains jurisdiction to adjudicate Plaintiffs' motion for attorneys' fees and costs. For all other purposes the case is closed.

Dated: September __, 2007

---
C. Scott Reese (#2036)
COOCH & TAYLOR
824 Market Street Mall
P.O. Box 1680
Wilmington, DE 19899
(302) 984-3811

Of Counsel:

Mitchell S. Bernard
Nancy S. Marks
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY 10011
(212) 727-4469

Attorneys for Plaintiffs

---
Richard D. Allen (#469)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Of Counsel:

Anthony F. King
John W. Kampman
Alec C. Zacaroli
WALLACE KING DOMIKE & REISKIN
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007
(202) 204-1000

Attorneys for Defendant

So ordered this ___ day of September, 2007:

_____
Hon. Sue L. Robinson
United States District Judge