Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., and DELAWARE AUDUBON SOCIETY, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 88-263-SLR |
| v. | ) ) ) | |
| TEXACO REFINING AND MARKETING, INC., | ) ) ) | |
| Defendant. | ) | |

DECLARATION OF MICHAEL B. GERRARD IN SUPPORT
OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES

I, Michael B. Gerrard, declare as follows:

1. I submit this declaration in support of the fee application of plaintiffs Natural Resources Defense Council ("NRDC") and Delaware Audubon Society.

2. I am a Senior Partner at the law firm Arnold & Porter LLP, and the head of the firm's New York office and of the office's Environmental Practice Group. The firm is based in Washington, DC.

3. I am a member in good standing of the Bar of the State of New York and have practiced environmental law and litigation since 1979. In 2004 and 2005 I chaired the Section of Environment, Energy and Resources of the American Bar Association. I formerly chaired the Executive Committee of the Association of the Bar of the City of New York, and the Environmental Law Section of the New York State Bar Association. I have taught environmental

law as a member of the adjunct faculties at Columbia Law School and the Yale School of Forestry and Environmental Studies. I have written or edited seven books, including the twelve-volume "Environmental Law Practice Guide" (Matthew Bender 1992) and the four-volume "Brownfields Law and Policy: The Cleanup and Redevelopment of Contaminated Land" (Matthew Bender 1998). Since 1986 I have written a monthly column for the *New York Law Journal*, and since 1989 I have edited a monthly newsletter, *Environmental Law in New York*.

4. I have been asked to give an opinion as to the reasonableness, based on the Washington, DC market, of the hourly rates of NRDC, as to which an award of attorneys' fees is sought in this matter.

5. The opinions given herein are based on my personal knowledge and experience, my knowledge of the work and reputation of NRDC's lead counsel, and my review of the biographies of all the NRDC lawyers who billed time for which fee recovery is sought.

6. I have been informed that the plaintiffs request billing rates as follows:

| Attorney | Equivalency | Years in Practice | Rate/Hour |
|---|---|---|---|
| Mitchell Bernard | Senior Partner | 28 | 600 |
| Nancy Marks | Partner | 24 | 500 |
| Aaron Colangelo | Partner | 9 | 325 |
| Benjamin Longstreth | Associate | 5 | 275 |
| Amelia Toledo | Associate | 5 | 275 |
| Thomas Cmar | Associate | 3 | 250 |
| Dimple Chaudhary | Associate | 2 | 225 |

2

7. I am fully familiar with billing rates charged by Arnold & Porter attorneys, including those who work in our Washington, DC office, for comparable work in environmental law and litigation matters. These rates are set by my firm's management after a careful examination of publicly-available information concerning legal market conditions, including the rates set forth in fee applications in bankruptcy cases, and also based on surveys to which we subscribe.

8. The above billing rates applied to NRDC attorneys are reasonable and fair. Indeed, the rates charged by Arnold & Porter for attorneys with comparable experience and positions at the firm are considerably higher than the rates indicated above.

9. I am personally acquainted with the principal NRDC attorney who worked on this case -- Mitchell Bernard. He is an outstanding lawyer and has an excellent reputation in the legal community. Mr. Bernard is widely regarded in the environmental bar as one of the most outstanding trial and appellate advocates in the public interest sector, based in large part on his victories in several high-profile and difficult cases over the years.

10. I also understand that NRDC seeks recovery for a paralegal's time, at the rate of $125 per hour. Based on my knowledge, this rate is reasonable for similar services rendered in the Washington, DC market.

11. I have reviewed the attorney and paralegal time sheets prepared and submitted by NRDC. In my opinion, the hours expended by NRDC in litigating the motion for which fee recovery is sought appear to be of a type and amount normally billed to a client in the commercial context in a matter of this significance and magnitude.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated:   October 30, 2007
         New York, New York

                                          _/s/_____
                                          Michael B. Gerrard, Esq.