Exhibit 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., and DELAWARE AUDUBON SOCIETY,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEXACO REFINING AND MARKETING, INC.,<br><br>    Defendant. | Civil Action No.<br>88-263-SLR |

## DECLARATION OF NICHOLAS DiPASQUALE

I, Nicholas DiPasquale, declare as follows:

    1. I am a member of the plaintiff Delaware Audubon Society ("Delaware Audubon") and have been chair of its Conservation Committee for the past three years. I am Delaware Audubon's main contact with the Natural Resources Defense Council ("NRDC") in connection with this litigation. I participated in discussions about the prospect of settlement, consulted on the environmental benefit projects included in the settlement, and conferred with the president and board of Delaware Audubon regarding the settlement proposal.

    2. I submit this declaration in support of plaintiffs' application to recover attorneys' fees, expert witness fees, and costs. I have personal knowledge of the matters set forth herein.

    3. Delaware Audubon is dedicated to developing a better appreciation of our natural environment and working for species and habitat conservation.

Consistent with this mission, Delaware Audubon has monitored the performance of the Delaware City Refinery for many years. We are very concerned about pollution from the refinery's air emissions and water discharges, as well as from accidents, spills, and fires at the facility. Delaware Audubon is particularly interested in impacts to the local ecology, including Delaware Bay and Delaware's Coastal Zone

4. Delaware's Coastal Zone has been designated as an Important Bird Area of Global Magnitude by American Bird Conservancy and the National Audubon Society. Breeding distribution maps indicate that the Delaware Coastal Zone contains breeding grounds for several WatchListed and endangered or threatened birds. The high percentage of public conservation lands in Delaware's Coastal Zone, plus its restrictions on heavy industry, make it a truly outstanding area for the protection of birds.

5. Pea Patch Island, the most significant resource in the area, is located immediately downstream from the Delaware City Refinery and adjacent to the oil off-loading facility in Delaware City. The island is home to the largest heronry of mixed species on the East Coast and has been recognized as a Continentally Important Bird Area. It supports significant populations of nine species of wading birds, including Great Blue Heron, Great Egret, Little Blue Heron, Snowy Egret, Cattle Egret, Yellow-crowned Night-Heron, Black-crowned Night-Heron, Glossy Ibis and Tri-colored Heron.

6. Pollution had put the heronry's population in a precarious position even before Texaco's permit violations took place. Feeding on aquatic life

contaminated by refinery discharges had the potential to put the population in further jeopardy. Because of this, it is very significant that funds from the settlement in this case will be used to rehabilitate and preserve the unique features of the heronry, as described in the Declaration of Greg J. Abbott.

7. In addition to the Pea Patch Island Heronry, there are several special ecosystems in and around Delaware City that have been identified for protection and restoration, including Dragon Run, Grassdale, and the Branch Canal. All three of these ecosystems will benefit from settlement funds in this case, as described in the Declarations of Marian Young and Paul Morrill.

8. In general, the environmental benefit projects identified in the settlement agreement will help address or mitigate in part the environmental damage that resulted from Texaco's permit violations. The projects are consistent with the priorities of various stakeholders familiar with the area, including state and local authorities and environmental organizations. They are also based on an ecological assessment prepared for Main Street Delaware City, Inc., which identified restoration opportunities and priorities in and around Delaware City.

9. Texaco would not have been held accountable for its violations of the Clean Water Act without the involvement of NRDC. Before this suit was filed, the Delaware Dept. of Natural Resources & Environmental Control had decided not to pursue permit violations at the Delaware City Refinery. Delaware Audubon is an all-volunteer organization and does not have its own legal counsel, nor can it

3

afford to retain outside counsel. As a result, Delaware Audubon could not have brought this suit without NRDC's help.

10. The significant dollar amount of the settlement sends a message to other facilities in the area: Even where state and local regulators do not step in, there are organizations willing to pursue a citizen suit for nearly twenty years to address harm to local ecosystems. Sending this message is especially important because of recent pollution, including a variety of oil spills along the River.

11. In my view, the expenses, including attorney time and expert witness fees, incurred by NRDC were the direct result of Texaco's recalcitrance in complying with the court's orders. Delaware Audubon supports plaintiffs' claim to recover for NRDC its reasonable attorneys' fees and other costs associated with litigation and settlement in this matter.

Dated:  October 24, 2007
        Dover, Delaware

/s/_____
Nicholas DiPasquale

4